SUMMARY ORDER
Defendants-appellants Christopher Romero and Vincent Ferrerio appeal from judgments of conviction of the District Court — entered on March 3, 2006 and May 17, 2007, respectively — sentencing Romero principally to 262 months’ imprisonment and Ferrerio principally to 87 months’ imprisonment. A jury found each defendant guilty of Hobbs Act extortion and conspiring to commit Hobbs Act extortion. See 18 U.S.C.1951. The jury also found Romero guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. See 21 U.S.C. § 846. We assume parties’ familiarity with the facts and procedural history of this case.
Defendants raise several claims on appeal. Ferrerio argues that the evidence presented at trial was insufficient to sustain his convictions and that his sentence was both procedurally and substantively unreasonable. Both Ferrerio and Romero contend that the District Court’s instruction to the jury concerning the interstate commerce element of a Hobbs Act violation amounted to reversible error. Romero posits also that the District Court erred in (1) admitting into evidence certain of his victim’s out-of-court statements, (2) limiting his cross examination of certain government witnesses, and (3) instructing the jury that the victim of Romero and Ferrerio, Anna Kontakosta, who did not testify but invoked her Fifth Amendment privilege against self-incrimination, was “equally unavailable” to all parties. Romero further argues that his due process rights were violated when the government declined to grant immunity to the victim and when, according to Romero, the government improperly vouched for a government witness during its closing argument. Finally, Romero contends, and the government agrees, that his case should be remanded so that the District Court may consider whether the $10,000 fine it imposed was appropriate in this case.
A.
Ferrerio’s insufficiency claim, which hinges on the contention that the jury could not have found that he helped Romero hold the victim as part of an extortion scheme to recover Romero’s property, is without merit. In seeking to overturn a conviction on the grounds that evidence was insufficient, a defendant bears the “heavy burden,” United States v. Cruz, 363 F.3d 187, 197 (2d Cir.2004), of demonstrating that, “viewing the evidence in the light most favorable to the government, ... no reasonable trier of fact could have found all of the elements of the crime beyond a reasonable doubt.” United States v. Desinor, 525 F.3d 193, 202 (2d Cir.2008). Viewed in the light most favorable to the government, the evidence easily demonstrated that Ferrerio and Romero agreed to hold their victim hostage in Ferrerio’s apartment while employing threats of physical harm to her to extort property from Torres, the victim’s boyfriend. That Ferrerio might also have wanted to hold the victim hostage because of sexual designs on her, see Appellant’s Br. at 32, does not negate the evidence which supported the jury’s finding that he agreed to join and further Romero’s extortion scheme.
The District Court’s instructions on the interstate commerce element of the Hobbs Act, to which defendants failed to object at trial, did not amount to plain error. See, e.g., United States v. Villafuerte, 502 F.3d 204, 207 (2d Cir.2007) (“Issues not raised in the trial court ... are *17 normally deemed forfeited on appeal unless they meet our standard for plain error.”); see also Fed.R.Crim.P. 52(b) (“A plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.”). Defendants correctly observe that in United States v. Parkes, which we decided after the trial in this case, held that a Congressional finding that local drug trafficking had a substantial effect on interstate commerce did not “dispense with the need for a jury finding that each element of the Hobbs Act has been proven beyond a reasonable doubt.” 497 F.3d 220, 229 (2d Cir.2007). Assuming, for the sake of argument, that the instruction at issue amounted to “error” that was “plain,” we may not exercise our discretion to notice it because the government has demonstrated that the putative error does not affect the defendants’ substantial rights, see Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)—ie., it has not “affected the outcome of the district court proceedings,” United States v. Thomas, 274 F.3d 655, 667 (2d Cir.2001)— and that it has not “seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings,” United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).[1]
B.
We hold that the District Court did not err in admitting into evidence certain out-of-court statements — namely, those of the victim (Kontakosta), government witness Daniel Macias, and Detective Mark Fishstein. The admission of these statements violated neither Romero’s Sixth Amendment rights under the Confrontation Clause, nor the Federal Rules of Evidence. As a general rule, “[ejvidentiary rulings are reversed only if they are ‘manifestly erroneous,’ such that the admission constitutes an abuse of discretion.” See United States v. SKW Metals & Alloys, 195 F.3d 83, 87-88 (2d Cir.1999). Here, the District Court did not abuse its discretion in determining that some of the victim’s statements were admissible as excited utterances, see Fed.R.Evid. 803(2), statements for purposes of medical diagnosis or treatment, see Fed.R.Evid. 803(4), or statements against interest, see Fed. R.Evid. 804(b)(3). Furthermore, none of the victim’s challenged out-of-court statements were testimonial, see Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); United States v. Saget, 377 F.3d 223, 228 (2d Cir.2004) (observing that Crawford suggests the determinative factor in deciding whether a declarant’s statement is testimonial is the “declarant’s awareness or expectation that his or her statements may later be used at trial”), and therefore were not barred by the Confrontation Clause, see United States v. Feliz, 467 F.3d 227, 231 (2d Cir.2006) (noting that the Confrontation Clause “simply has no application to nontestimonial statements”). The challenged out-of-court statements of government witness Macias were admissible as prior consistent statements introduced to rebut a claim of recent fabrication. See Fed.R.Evid. 801(d)(1)(B). Finally, Detective Fishstein’s statements were not hearsay and, in any event, Romero has failed to explain how they may be regarded as prejudicial.
The Court did not abuse its discretion in limiting Romero’s cross-examination of *18 certain government witnesses, as the evidence excluded — to wit, several unadjudicated offenses — was of marginal relevance, at most. See United States v. Elfgeeh, 515 F.3d 100, 124 (2d Cir.2008) (noting that a “district court has wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues ... or interrogation that is repetitive or only marginally relevant.” (internal quotation marks omitted))
C.
Romero’s due process claims are without merit. First, as Romero never requested that Kontakosta be immunized, he has no claim on appeal that his rights were violated by the government’s failure to immunize her. Cf. United States v. Ebbers, 458 F.3d 110, 118 (2d Cir.2006) (noting that the government “is under no general obligation to grant use immunity to witnesses the defense designates as potentially helpful to its cause, but who will invoke the Fifth Amendment if not immunized”). Second, the government’s remarks concerning the credibility of a key government witness were not improper because it was clear in context that the prosecutor was explaining how the evidence justified the jury in believing the witness’s testimony. This was not an instance of asking the jury to trust the prosecutor’s assurance of a witness’s honesty. See United States v. Carr, 424 F.3d 213, 227 (2d Cir.2005) (“It is well established that prosecutors may not vouch for their witnesses’ truthfulness.” (internal quotation marks omitted)).
The District Court did not err in instructing the jury that the victim — who, as noted, invoked her Fifth Amendment privilege against self-incrimination — was equally unavailable to all parties. On appeal, Romero argues that he was entitled to a “missing witness” instruction. However, our precedents do not generally compel such an instruction when a potential witness invokes her Fifth Amendment privilege, see United States v. Myerson, 18 F.3d 153, 158 (2d Cir.1994) (observing that “despite the government’s power to grant immunity, a witness invoking his constitutional rights is unavailable to the government as well as the defense, and no missing witness charge need be given”), and we hold that the “missing witness” instruction was not warranted under the circumstances presented here.
D.
Notwithstanding Ferrerio’s contentions to the contrary, his 87-month sentence — the bottom of the applicable Guidelines range — was not procedurally unreasonable, and was not substantively unreasonable insofar as it did not reflect an abuse of the District Court’s discretion in applying the factors outlined in 18 U.S.C. § 3553(a). See Gall v. United States, - U.S. -, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007) (holding that if a sentence is “procedurally sound” a reviewing court must consider “substantive reasonableness” by considering “whether the District Court abused his discretion in determining that the § 3553(a) factors supported” the sentence).
E.
Finally, we agree with Romero, as does the government, that remand is appropriate for the District Court to consider whether to impose a fine in this case. In imposing a fine, the Court erroneously observed that the debt would “make [Romero] eligible for obtaining a job during ... incarceration.” In fact, a fine is not a prerequisite for obtaining employment *19 during incarceration, though it may result in priority for an individual. See 28 C.F.R. § 345.33(e).

Conclusion

For the foregoing reasons, the March 3, 2006 and May 17, 2007 judgments of the District Court are AFFIRMED, except with respect to the fine imposed on Romero. By agreement of the parties, we REMAND Romero’s cause solely for the purpose of requiring the District Court to reconsider whether to impose a fine.

. Since the government has made this demonstration, we need not determine if the "modified” plain error standard previously employed by this court survives after Johnson, 520 U.S. at 466-67, 117 S.Ct. 1544. See, e.g., Thomas, 274 F.3d at 668 n. 15 (leaving this question open).