11-0413-cr
*United States v. Romero*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of November, two thousand twelve.

PRESENT:

    PIERRE N. LEVAL,
    JOSÉ A. CABRANES,
    ROBERT D. SACK,

       *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee,*

  v.              No. 11-0413-cr

CHRISTOPHER ROMERO,

    *Defendant-Appellant.*

_____

**FOR APPELLEE:**        JOHN J. O'DONNELL, Assistant United States Attorney, (Brent S. Wible, Assistant United States Attorney, *and* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *of counsel.*)

**FOR DEFENDANT-APPELLANT:**      ALEXANDER E. EISEMANN, New York, NY.

Appeal from amended judgment of conviction entered on January 11, 2011, by the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Christopher Romero was found guilty after a jury trial of committing Hobbs Act extortion, in violation of 18 U.S.C. §§ 1951, 2, and of conspiring to commit Hobbs Act extortion, in violation of 18 U.S.C. § 1951.  The jury also found Romero guilty of conspiring to distribute and possession with the intent to distribute 50 grams or more of methamphetamine and a quantity of cocaine, in violation of  21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846.  We assume the parties' familiarity with the facts and procedural history of this case.

**A.**

On March 3, 2006, the District Court sentenced Romero principally to a prison term of 262 months' imprisonment and imposed a $10,000 fine.  Romero thereafter appealed, raising several claims.  We affirmed the judgment of the District Court in all respects but, "[b]y agreement of the parties . . . remand[ed] Romero's cause solely for the purpose of requiring the District Court to reconsider whether to impose a fine." *United States v. Romero*, 304 F. App'x 14, 19 (2d Cir. 2008).[1]

On February 4, 2010, Romero filed a petition with the District Court to vacate, set aside or correct his sentence due to ineffective assistance of counsel, denial of his speedy trial rights and errors in his sentencing.  *See* 28 U.S.C. § 2255.  This was the first time Romero raised his ineffective assistance claims.  While the § 2255 petition was pending, the District Court held a resentencing hearing on January 4, 2011, in accordance with our mandate providing for a limited remand.  At that proceeding, however, the parties agreed that Romero's criminal history had been overstated and jointly applied to expand the resentencing beyond the limited issue of whether to impose a fine. The District Court discussed with counsel whether the claim of ineffective assistance should be resolved in the resentencing proceeding or left to be raised later in a § 2255 petition.  Romero's counsel said, "I guess it's something I should leave to Your Honor . . . ."  The District Court expressed a preference for leaving it to be raised by a § 2255 petition.  Romero's counsel then responded that he did not "really have a strong feeling that it should be done now rather than later"

---

[1]  We noted our concern that "[i]n imposing a fine, the [District] Court erroneously observed that the debt would make Romero eligible for obtaining a job during incarceration," *Romero*, 304 F. App'x at 18-19 (alterations, ellipsis, and internal quotation marks omitted) when in actuality "a fine is not a prerequisite for obtaining employment during incarceration," *id.* (citing 28 C.F.R. § 345.33(e)).

and did not "have any problem with going forward with the sentencing and then continuing with any claims that are viable through a 2255." Observing that an incorrect criminal history constituted plain error, the District Court granted the application for *de novo* resentencing within a week, on January 10, 2011, and resentenced Romero to a below-Guidelines sentence of 186 months' imprisonment and concluded that a fine was unnecessary.

**B.**

The sole question that Romero now raises on appeal is whether the District Court abused its discretion by deferring consideration of his ineffective assistance claims to an anticipated § 2255 proceeding, rather than addressing them during his resentencing. Having consented to deferring his ineffective assistance claims until a § 2255 proceeding following the imposition of his sentence, Romero cannot now be heard to contend that the District Court abused its discretion in doing what he consented to. Under these circumstances, we decline to find any abuse of discretion on the part of the District Court in postponing the consideration of a § 2255 petition.

**CONCLUSION**

We have considered Romero's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk